

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PROSHARES TRUST, PROSHARE ADVISORS, LLC, PROFUNDS DISTRIBUTORS, INC., SEI INVESTMENTS DISTRIBUTION CO., AND LOUIS MARK MAYBERG, <br><br> Plaintiffs, <br><br> - against - <br><br> STEVEN AND SHERRI SCHNALL, <br><br> Defendants. | 09-CV <br><br><br> ECF CASE |

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND INJUNCTIVE RELIEF

Plaintiffs ProShares Trust, ProShare Advisors, LLC, ProFunds Distributors, SEI Investments Distribution Co. and Louis M. Mayberg (collectively "the Plaintiffs"), by their undersigned attorney, The Law Office of David Gourevitch, P.C., allege, as follows:

### INTRODUCTION

1. This is an action requesting a declaratory judgment and injunction halting an arbitration that Steven and Sherri Schnall ("the Schnalls" or "Defendants") initiated against the Plaintiffs, entitled *Steven and Sherri Schnall v. ProShares Trust, ProShare Advisors, LLC, ProFunds Distributors, Inc., SEI Investments Distribution Co., LPL Financial Corporation and Luis Mark Mayberg*, (FINRA Case No. 09-02157) ("the FINRA arbitration") before the Financial Industry Regulatory Authority ("FINRA").

2. In the FINRA Arbitration, the Schnalls alleged that they purchased an exchange traded fund ("ETF"), the ProShares UltraShort Real Estate Fund (the "Fund"), through their broker-dealer, LPL Financial, and that the Fund did not perform as they anticipated and the Fund's prospectus did not adequately disclose the risks. Thus, this is essentially a prospectus disclosure case.

3. The Schnalls brought the FINRA arbitration not only against their brokerage firm (LPL Financial), but also against the issuer of the Fund (ProShares Trust), the investment advisor to the Fund (ProShare Advisors, LLC), a corporate affiliate of the investment advisor (ProFunds Distributors, Inc.), an officer of the issuer, advisor and affiliate (Mr. Mayberg) and the distributor of the Fund (SEI Investments Distribution).

4. Because LPL Financial, the broker-dealer where the Schnalls maintained their brokerage account, has an agreement to arbitrate with the Schnalls, it does not dispute that it is amenable to arbitration and is not a party to this action.

5. However, ProShares Trust, ProShare Advisors, LLC, ProFunds Distributors, Inc., SEI Investments Distribution and Mr. Mayberg (collectively, the "Plaintiffs") have no agreement to arbitrate disputes with the Schnalls, and there is no basis under the law or under the FINRA Code of Arbitration that compels the Plaintiffs to arbitrate these claims.

## PARTIES

6. Plaintiff ProShares Trust is an investment company registered with the Securities and Exchange Commission, organized as a Delaware trust, with its principal place of business in Bethesda, MD.

7. Plaintiff ProShare Advisors, LLC is limited liability company organized in the State of Maryland, registered with the Securities and Exchange Commission as an investment advisor and serves as investment advisor to the funds comprising ProShares Trust, with headquarters in Bethesda, Maryland.

8. Plaintiff ProFunds Distributors, Inc. is a corporation incorporated in the State of Delaware and a Securities and Exchange Commission-registered broker-dealer; it serves as distributor of mutual funds that are not part of ProShares Trust. Its principal place of business is in Bethesda, Maryland.

9. Plaintiff Louis M. Mayberg is an officer of ProShares Trust, ProShare Advisors, LLC and ProFunds Distributors, Inc. and is a resident of Silver Spring, Maryland.

10 Plaintiff SEI Investments Distribution Co. is a corporation incorporated in the State of Pennsylvania and a Securities Exchange Commission-registered broker-dealer with its principal place of business in Oaks, Pennsylvania.

11. On information and belief, Defendants Steven and Sherri Schnall are citizens of the State of New York and resident of New York County.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

13. This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the Plaintiff seeks a declaratory judgment pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, to determine and resolve controversies with respect to the

arbitrability of the Defendants' claims against Plaintiffs, including alleged violations of federal securities laws, commenced before FINRA.

14. Personal jurisdiction exists and venue is conferred under 28 U.S.C. § 1391 (a) inasmuch as the Defendants are residents of this judicial district.

## FACTS

15. Plaintiff ProShares Trust is an issuer exchange traded funds ("ETFs"). Plaintiff ProShare Advisors, LLC serves as investment advisor to ProShares Trust and of each of the exchange traded funds issued by the Trust. Neither ProShares Trust nor ProShare Advisors is or ever has been a member of FINRA.

16. Plaintiff ProFunds Distributors, Inc. distributes mutual funds that are not part of ProShares Trust. It does not and never has distributed ETFs, including the one at issue in the FINRA arbitration. Although ProFunds Distributors is a broker-dealer and FINRA member, its business is very different from most broker-dealers'. Its business is limited to the distribution of mutual funds. It does not provide brokerage services to the investing public. It does not accept or disburse money on behalf of customers; or provide investment advice to customers.

17. Plaintiff Louis Mayberg is an officer of ProShares Trust, ProShare Advisors and ProFunds Distributors. He is registered with FINRA in his capacity as officer and associated person of ProFunds Distributors, which has no direct relationship with ProShares Trust.

18. SEI Investments Distribution, Co. distributes ETFs, including the ETF at issue in the FINRA arbitration. Although SEI Investments Distribution is a broker-dealer and FINRA member, its business is very different from most broker-dealers'. Its business is limited to distribution of mutual funds and ETFs. It does not provide brokerage services to the

4

investing public. It has no investor-customers. It does not maintain brokerage accounts; buy or sell securities on behalf of customers; or provide investment advice to customers.

19.   The Schnalls maintained a brokerage account at LPL Financial Corp, a broker-dealer with its principal offices in Boston, MA. Because LPL Financial is a FINRA member and because, unlike the Plaintiffs, it has an arbitration agreement with the Schnalls, LPL Financial does not dispute that it is a proper party in arbitration. It is not a party to this declaratory judgment/injunctive action. None of the Plaintiffs have a selling agreement, or any other agreements, with LPL Financial.

20.   The Schnalls were and are wealthy and financially sophisticated. Through their account at LPL Financial, they executed a speculative and aggressive trading strategy. They used options and ETFs to place large bets on the direction of market.

21.   The Schnalls bought the ProShares UltraShort Real Estate Fund with the expectation that it would move inversely to the real estate market, *i.e.*, that it would rise if the real estate market fell. In their arbitration, the Schnalls allege that the UltraShort Fund did not perform as they expected and that the Fund's prospectus did not adequately disclose the risks of investing in the Fund. Thus, this is essentially a prospectus disclosure case. The Schnalls acknowledged that this is "not a case involving an unsuitable recommendation. The idea to profit from a declining real estate market was the Schnalls and theirs alone."

22.   ETFs, likes stocks and bonds, are traded on stock exchanges in anonymous arm's length transactions at prices established by the market. The Schnalls do not (and cannot) allege that they (a) were ever customers of the Plaintiffs or persons associated with the Plaintiffs; (b) bought ProShares UltraShort Real Estate Fund from the Plaintiffs or persons associated with the Plaintiffs; (c) engaged in any other type of securities or business

transactions by, with or through the Plaintiffs or any person associated with the Plaintiffs; (d) received, disbursed or maintained money from, to or with the Plaintiffs or any person associated with the Plaintiffs, or (e) ever met with or spoke to the Plaintiffs or any person associated with the Plaintiffs. In fact, the Schnalls are complete strangers to the Plaintiffs.

23.    On or about April 17, 2009, the Schnalls initiated an arbitration before FINRA based exclusively on their claim that the ProShares UltraShort Real Estate Fund did not operate as they anticipated and that the Fund's prospectus did not fully disclose the risks of investing in the Fund. They alleged violations of federal securities laws and breach of fiduciary duty and duty to supervise.

## COUNT I
### (Declaratory Relief)

24.    Plaintiffs repeat and re-allege the allegations in paragraphs 1 to 23 of the Complaint, as if fully set forth here.

25.    No written arbitration agreement exists between the Defendants and the Plaintiffs.

26.    It appears that the Schnalls seek arbitration based on Rule 10301 of the FINRA Code of Arbitration, which provides:

> Any dispute, claim or controversy eligible for submission under the Rule 10100 Series between a customer and a member and/or associated person arising in connection with the business of such member or in connection with the activities of such associated person shall be arbitrated under this Code as provided by any duly executed and enforceable agreement or upon the demand of the customer.

27.    To compel arbitration under FINRA Rule 10301, an investor must show that their claim: (1) involves a dispute between a customer and a FINRA member or a person

associated with the member and (2) arises in connection with the business activities of a FINRA member or associated person with the customer.

28. Plaintiffs ProShares Trust and ProShare Advisors are not members of FINRA, are not governed by the Code of Arbitration, and cannot be compelled to arbitrate before FINRA.

29. The Defendants were not customers of any of the Plaintiffs or any person associated with the Plaintiffs. Their claims do not arise in connection with any business between the Plaintiffs and the Defendants.

30. Accordingly, the Plaintiffs lack any obligation to arbitrate any claims against Defendants, including with respect to the FINRA Action. Defendants contend otherwise.

31. Declaratory relief from this Court will resolve these controversies and limit the uncertainties.

32. As alleged herein, a real, substantial and immediate controversy is presented regarding the rights, duties and liabilities of the parties. The Plaintiffs, therefore, request a declaratory judgment from this Court pursuant to Rule 57 of the Federal Rules of Civil Procedure that the Plaintiffs have no obligation to arbitrate the Schnalls' claims before FINRA.

## COUNT II
### (Injunctive Relief)

33. Plaintiffs repeat and re-allege the allegations in paragraphs 1 to 32 of the Complaint, as if fully set forth here.

34. Plaintiffs will suffer irreparable injury if compelled to arbitrate a claim for which they have no contractual obligation to do so.

35. Plaintiffs, thus, seek preliminary and permanent injunctive relief enjoining Defendants from further proceedings against them in the FINRA arbitration.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request as follows:

A) A declaration, pursuant to Rule 57 of the Federal Rules of Civil Procedure, that the Plaintiffs have no obligation to arbitrate the FINRA action initiated by the Defendants.

B) Preliminary and permanent injunctive relief enjoining the Defendants from further proceedings against the Plaintiffs in the FINRA arbitration.

C) Any and all other relief that this Court may deem appropriate.

Dated: July 16, 2009

respectfully submitted,

*David Gourevitch*
David Gourevitch (Bar No. DG 8795)
Law Office Of David Gourevitch, P.C.
150 East 58th Street, 34th Floor
New York, NY 10155
Telephone: (212) 355-1300
Facsimile: (212) 317-2946
david@gourevitchlaw.com

*Counsel for Plaintiffs*
*ProShares Trust, ProShare Advisors, LLC,*
*ProFunds Distributors, Inc., SEI Investments*
*Distribution, Co., and Louis Mark Mayberg*