UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
PROSHARES TRUST, PROSHARE ADVISORS, :
LLC, PROFUNDS DISTRIBUTORS, INC., :
SEI INVESTMENTS DISTRIBUTION CO., and :
LOUIS MARK MAYBERG, :
 :
 :  09 Civ. 6386 (SHS)
 :
                    Plaintiffs, :
 :  OPINION & ORDER
         -against- :
 :
STEVEN and SHERRY SCHNALL, :
 :
                    Defendants. :
------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

    This is an action for declaratory and injunctive relief to prevent a FINRA arbitration of defendants' claims against plaintiffs from going forward.  Because plaintiffs have not entered into any agreement to arbitrate these disputes, because the Schnalls are not "customers" of any plaintiff pursuant to FINRA Rule 12200, and because plaintiffs will suffer irreparable harm if compelled to arbitrate defendants' claims, the requested declaration and injunction barring the arbitration are granted.

## I.  BACKGROUND

    In 2007 and 2008, defendants Steven and Sherry Schnall purchased shares of the ProShares UltraShort Real Estate Fund ("the Fund").  After the value of their investment declined, the Schnalls commenced an arbitration before the Financial Industry Regulatory Authority ("FINRA") against plaintiffs and LPL Financial Corporation—the broker-dealer through whom the Schnalls purchased the Fund shares—alleging violations of federal securities laws, FINRA rules, and state common law.  (*See* Steven and Sherri Schnall v. ProShares Trust et al., Statement of Claim dated April 17, 2009 at 6-9 ("FINRA Statement of Claim"), Ex. A to

Dec. of Amy R. Doberman dated July 15, 2009.) LPL Financial, which is not a party to this action, is a member of FINRA and has agreed to arbitrate the Schnalls' claims. All parties to this action concede that LPL Financial is a proper party to the FINRA arbitration. (Compl. ¶¶ 4, 19.)

Plaintiff ProShares Trust is an investment company that is organized into over eighty individual exchange-traded funds ("ETFs"), including the UltraShort Real Estate Fund, in which the Schnalls were shareholders. Plaintiff ProShare Advisors is the Fund's investment advisor. Neither ProShares Trust nor ProShare Advisors is or has been a member of FINRA. (*Id.* ¶¶ 3, 6-7, 15.) ProFunds Distributors is a broker-dealer that distributes mutual funds. Mayberg is an officer of ProShare Trust, ProShare Advisors, and ProFunds Distributors. SEI Investments distributes shares of the Fund to broker-dealers, including LPL Financial, but it does not deal directly with investors. ProFunds Distributors, SEI Investments, and Mayberg, in his capacity as an officer of ProFunds Distributors, are registered with FINRA. (*Id.* ¶¶ 3, 8-10, 16-18.)

Plaintiffs contend that the Schnalls cannot compel them to arbitrate a claim before FINRA because no arbitration agreement—indeed no contract at all—exists between the Schnalls and any of the plaintiffs. Specifically, plaintiffs allege that, because ETFs such as the contested Fund are traded on stock exchanges in anonymous, arm's length transactions at prices set by the market, the Schnalls never were their customers, bought shares in the Fund from them, engaged in any other business transaction with them, had any financial dealings with them, or met with or had any contact at all with them. Accordingly, plaintiffs seek a declaration that they have no obligation to arbitrate the Schnalls' FINRA claims and an injunction enjoining any further proceedings against them in the Schnalls' FINRA arbitration.

Defendants assert that ProFunds Distributors, Mayberg, and SEI Investments have agreed to arbitration by virtue of being members of FINRA and that, because ProShares Trust and

ProShares Advisors are associated with the three FINRA members, they, too must arbitrate the claims at issue.[1]

## II. STANDARD OF REVIEW

"In the context of motions to compel arbitration brought under the Federal Arbitration Act . . . , the court applies a standard similar to that applicable for a motion for summary judgment." *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003). This standard is appropriate where the District Court must determine arbitrability, regardless of whether the relief sought is an order to compel or to prevent arbitration. *Id*. However, "[i]f there is an issue of fact as to the making of the agreement for arbitration, then a trial is necessary." *Id*. (citing 9 U.S.C. § 4).

## III. DISCUSSION

"The question whether the parties have submitted a particular dispute to arbitration, i.e., the question of arbitrability, is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (quotation and citation omitted). Addressing facts similar to those presented in this action, the U.S. Court of Appeals for the Second Circuit noted that "[t]he case law is clear . . . that unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *Bensadoun*, 316 F.3d at 175 (quotation and citations omitted).

The Schnalls concede that they have not entered into a contract or other agreement to arbitrate their claims with any plaintiff in this action. Instead, they contend that they were plaintiffs' "customers" and therefore their claims are subject to mandatory arbitration pursuant to

---

[1] Defendants also move to strike plaintiffs' notice of supplemental authority. The Court has not relied on this submission and therefore dismisses the motion to strike as moot.

3

FINRA Rule 12200.  Rule 12200 provides that a claim against a FINRA member—such as ProFunds Distributors, Mayberg, and SEI Investments—is subject to mandatory arbitration if the dispute (1) is "between a customer and a member or associated person of a member" and (2) arises "in connection with the business activities of the member."  The Second Circuit directs that "interpretation of the [FINRA] arbitration provision is a matter of contract interpretation, that New York law applies, and that the provision should thus be interpreted 'to give effect to the parties' intent as expressed by the plain language of the provision.'"  *Bensadoun*, 316 F.3d at 176 (citing *John Hancock Life Ins. Co. v. Wilson*, 254 F.3d 48, 58 (2d Cir. 2001)).

FINRA rules define "customer" broadly, excluding only "a broker or dealer."  FINRA R. 12100(i); *see also Bensadoun*, 316 F.3d at 176.  However, the Second Circuit has recognized limits on the scope of this definition.  Notably, "where investors pool their funds and relinquish all investment authority to a third party who deals with a[] [FINRA] broker, that third-party, not the investors, will normally be the broker's customer."  *Bensadoun*, 316 F.3d at 178.  The court in *Bensadoun* also took note of the Eighth Circuit's definition of this use of the term "customer" as referring to "one involved in a business relationship with a[] [FINRA] member that is related directly to investment or brokerage services."  *Id.* at 177 (quoting *Fleet Boston Robertson Stephens, Inc. v. Innovex, Inc.*, 264 F.3d 770, 772 (8th Cir. 2001)).

Applying this analysis, the Second Circuit ultimately determined that whether or not the stockbroker in *Bensadoun* had to arbitrate a dispute brought by certain investors turned on whether the plaintiff stockbroker had misled the investors in that action into believing that they were doing business with that stockbroker.  If so, the investors were his "customers" for purposes of Rule 12100.  If, however, the investors knew that they were placing their funds

4

under the control of a third party, then they were not the stockbroker's "customers" and could not compel him to arbitrate. *Id.*

Here, the Schnalls do not dispute that they purchased shares in the Fund from LPL Financial, with whom they are currently arbitrating their claims before FINRA. Nor do the Schnalls even allege that they communicated directly with any plaintiff in this action regarding their investment. Furthermore, the Schnalls do not allege an affirmative effort by any plaintiff or by LBL Financial to mislead them regarding the placement of their funds, as was at issue in *Bensadoun*. (*See* FINRA Statement of Claim.) Accordingly, the Schnalls are not customers of any plaintiff for purposes of FINRA Rule 12100, and thus cannot compel arbitration pursuant to Rule 12200. *See Malak v. Bear Stearns & Co.*, No. 02 Civ. 9195, 2004 WL 213014, at *5 (S.D.N.Y. Feb. 4, 2004) (Investor that "imparted complete control over the account to" third party and offered "no evidence . . . to show that he ever communicated" directly with respondents is not a "customer" of any respondent for purposes of FINRA rules.).

In addition, plaintiffs will suffer irreparable harm if compelled to arbitrate defendants' claims without having agreed to arbitration, since a party cannot be required to submit to arbitration any dispute which it has not agreed to arbitrate. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002); *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 405-06 (2d Cir. 2009). The Second Circuit has held that a party necessarily suffers irreparable harm if "forced to expend time and resources arbitrating an issue that is not arbitrable, and for which any award would not be enforceable." *Merrill Lynch Inv. Managers*, 337 F.3d 125, 129 (2d Cir. 2003) (citation omitted).

## IV. CONCLUSION

In sum, plaintiffs have not agreed to arbitrate disputes with the Schnalls and there is no basis under the law or FINRA rules to compel plaintiffs to arbitrate the Schnalls' claims. Accordingly, plaintiffs' application for a declaratory judgment that they have no obligation to arbitrate the Schnalls' claims before FINRA is granted and that arbitration is hereby enjoined.

Dated: New York, New York
February 18, 2010

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.